IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

In the Matter of:

Ashly Marie Lovan,                                              Case No.  14-02461-als7

             Debtors.                                        Chapter 7


**MEMORANDUM OF DECISION**
**(date entered on docket: April 30, 2015)**


COURSE OF PROCEEDINGS

Before the Court is the Trustee's Motion to Vacate the Court's Order granting Debtor's Application to Proceed In Forma Pauperis.  Donald F. Neiman, the chapter 7 trustee, appeared on behalf of the estate.  The debtor was represented by Nancy Thompson.  Jurisdiction for this matter is found at 28 U.S.C. sections 157(b)(1) and 1334.  Upon review of the docket, the filed documents and the arguments presented by the parties at the hearing, the following findings and conclusions of law are entered pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.

**FACTS**

Lovan filed a voluntary chapter 7 petition on October 9, 2014.  The schedules and statements filed with the petition reflect that her assets have a total combined value of $12,160. Exemptions on Schedule C were claimed in the amount of $8,060.[1]  On Schedule B-18 Lovan disclosed an anticipated tax refund which she claimed as exempt on Schedule C with the value

---

[1] A Jeep Cherokee valued at $4,000 on Schedule B was not claimed as exempt.  Schedule D reflects a lien in excess of the stated value.

stated as "unknown." Schedules I and J filed with the petition reflected monthly income of $2,214.29 and monthly expenses of $2,395.33. The debtor listed three dependents and indicated her expenses would increase within the year after her bankruptcy filing. Pursuant to Bankruptcy Rule 1006(c) Lovan requested that her filing fee be waived by filing an Application to Proceed In Forma Pauperis ("Application"). This document contained information consistent with the filed Schedules and stated that Lovan did not pay an attorney to file her bankruptcy. No information was set forth in response to Question 16 of the Application that inquired whether any money or property, specifically including tax refunds, was anticipated or expected by the debtor within 180 days of the filing. After reviewing the filed documents the Court entered an order on October 14, 2014 granting the debtor's Application.

A 341 meeting was conducted on November 6, 2014. The trustee asserts, and the debtor does not deny, that at that time he requested that he be provided a copy of her 2014 income tax no later than January 30, 2015. The 2014 tax returns indicated that Lovan was to receive refunds in excess of $7,000.[2] The trustee determined that under Iowa law the entire refund amount was exempt to the debtor. On February 3, 2015 the trustee filed a motion to vacate the court's order granting the fee waiver to which the debtor has objected.

## **DISCUSSION**

The waiver of the filing fee in a chapter 7 case is provided for at 28 U.S.C. section 1930(f) as follows: "Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line applicable to a family of the size involved . . .

---

[2]In her objection, the debtor states that her state income tax refund of $599 is subject to set-off to pay state court costs. This leaves only the federal tax refund in the amount of $6,875 to be received by Lovan.

and is unable to pay that fee in installments." The wording of the statute requires that both conditions must exist to obtain a waiver of the filing fee. Review of fee accommodation requests occurs in the early stage of a chapter 7 filing and orders must be entered before the 341 Meeting is conducted. Fed. R. Bankr. P. 1006. Due to this time constraint, requests for fee waivers and installment payments are routinely based upon the filed documents and a determination is reached without a hearing. See In re Stickney, 370 B.R. 31, 36 (Bankr. D. N.H. 2007).

A decision to grant or deny a waiver of the filing fee may be reconsidered under appropriate circumstances.

> The court may vacate or revoke an order waiving the filing fee if developments in the case or the administration of the estate demonstrate that the waiver was unwarranted. The court may also vacate or revoke an order denying a request to waive the filing fee if developments in the case or administration of the estate demonstrate either that the factors leading to the denial of the waiver no longer exists or that denial of the waiver was not warranted. The court may make these determinations either on motion by a party in interest or sua sponte.

*Guide to Judiciary Policy*, Volume 4 (Court and Case Administration), Chapter 8 – Bankruptcy Case Policies. Following this policy, the Court's order granting the debtor's Application contained the following reservation: "This order is subject to being vacated at a later time if developments in the administration of the bankruptcy case demonstrate that the waiver was unwarranted." There appears to be no dispute that Lovan continues to meet the income eligibility requirement. However, fee waivers under 11 U.S.C. section 1930(f) are also subject to an examination of the totality of a debtor's circumstances. A variety of factors should be considered in determining whether a fee waiver is justified, which include, but are not limited to whether expenses exceed income, collateral sources of funds, unreasonable expenses that can be

reduced and the value of any exempt property of the debtor. See 1-9 Collier on Bankruptcy ¶ 9.05[1][d][i] (2015).

The trustee's motion alleges that the waiver of the filing fee previously granted to Lovan is unwarranted due to post-petition developments in the administration of her case, namely her receipt of a substantial tax refund. He requests that the prior order be vacated. The debtor's position is that the fee waiver granted by the court remains appropriate based upon three principal arguments: that she is now precluded from paying the filing fee by installment, that her income remains unchanged and that the trustee unnecessarily delayed his request to vacate the fee order.

Lovan suggests that the fee waiver must remain in effect because the timing of the trustee's motion unfairly deprives her of the ability to pay her filing fee by installment due to the time frames mandated by Bankruptcy Rule 1006. No authority is cited by the debtor for this proposition. No statute or rule has been located that requires the filing fee to be paid in a full lump sum upon a fee waiver being vacated. The Court can direct payment of the filing fee within a specified time period which a debtor can elect to pay in whole or in a series of partial payments.

Pointing to her monthly income which is less than her monthly expenses (which fall below the amounts permitted under the Internal Revenue Service Standards), Lovan asserts that she needs the tax refund to meet her family's expenses. No specific details or evidence have been supplied in support of this statement. No amendment to Schedule J has been filed by the debtor to reflect any actual increase in her monthly expenses since she filed bankruptcy. According to Schedule J Lovan's monthly net deficit is $181. Approximately five months have elapsed since the petition date and the trustee's motion. Using this measure of time, the

aggregate deficit between Lovan's income and expenses is $905. This amount is substantially less than the $6,875 tax refund owing under her 2014 tax returns. After factoring in the aggregate expense deficit and the filing fee in the amount of $335, there would be a substantial amount remaining from the tax refund that could be applied to current and ongoing expenses.

Lovan's written objection relies primarily upon In re Markison, 367 B.R. 491 (Bankr. D. Vt. 2007). In that case, the trustee did not ask the debtor at the 341 meeting whether she had filed tax returns, whether any outstanding returns indicated that she would be receiving a refund, or request that she immediately inform him if she did in fact receive a refund. "If the Debtor had not answered those questions truthfully, or had not timely communicated to the Trustee her receipt of the refunds, the Court would not be confronting the [trustee's] due diligence." Id.

The facts in this case are easily distinguished from those present in Markinson. Lovan's counsel stated that the anticipated tax refund was listed as "unknown" because her client was unaware of the amount of any refund she might receive. Further, because Lovan's Schedule B-18 contained an "unknown" value, a software default in the program generating the form Application prevents the anticipated tax refund to be reflected in response to Question 16. Based upon the available information, Lovan's trustee was diligent in attempting to obtain the details of the amount of the anticipated refunds by requesting copies of Lovan's 2014 returns. Lovan alleges that the trustee unnecessarily delayed his motion requesting that the fee waiver be vacated because he could have presumed that a refund was anticipated when he was provided copies of Lovan's 2013 tax returns. It is unclear why the debtor was unable to make a similar determination under her 2013 return and include that information on Schedule B or in a support document to her Application. There is no basis to attribute greater knowledge to the trustee, rather than the debtor, when both parties had the identical information. The trustee's motion was

filed shortly after the deadline for receipt of the requested documents which set forth the actual amount of the refunds.

In re Kauffman, also decided by the Vermont bankruptcy court, is more similar to the facts of this case and supports the trustee's position. 354 B.R. 682 (Bankr. D. Vt. 2006). In that case the debtor filed a post-petition amendment to the Schedule B which reflected a tax refund to be received by the debtor. Under these facts, the bankruptcy court held that a fee waiver may be revoked if:

> (1) the debtor has notice that the fee waiver may be revoked if facts or circumstances are discovered during the administration of the case which demonstrate the waiver was unwarranted; (2) such facts or circumstances are properly brought before the Court; (3) the debtor is given notice of the alleged change in circumstances and eligibility, and an opportunity to be heard; and (4) the Court concludes that, based upon the new information, the debtor does not qualify for a waiver under the two-pronged test of section 1930(f)(1).

Id. at 685. In the Court's order granting Lovan's Application she was clearly notified that the order could be vacated if her circumstances changed during the administration of her case. The trustee's motion is properly before the Court and Lovan was given notice and an opportunity to respond. The value of the refund was described as "unknown" and the trustee could not determine its value until the 2014 tax return was supplied to him.

The policy guidelines governing fee waivers clearly contemplate that there may be situations that arise that indicate the filing fee can be paid in spite of an order originally granting a fee waiver. The amount of Lovan's post-petition exempt tax refunds provides an available source of funds from which the filing fee can now be paid and requires no extraordinary measures by the debtor to make that payment. No evidence was submitted to indicate the debtor's current or future expenses have increased to a level that would prevent her from paying

the filing fee from the tax refund proceeds.  See In re Bradshaw, 349 B.R. 511, 516 (Bankr. E.D. Tenn. 2006).  Lovan has not met her burden to establish under the totality of the circumstances that she is unable to pay the filing fee.  Based upon the foregoing, it is hereby ORDERED that

1. The debtor's objection to the Trustee's Motion to Vacate the Order Granting the Application to Proceed in Forma Pauperis is overruled.

2. The Trustee's Motion to Vacate the Order granting the Application to Proceed in Forma Pauperis is granted.

3. The prior order approving the Application to Proceed in Forma Pauperis filed at docket number 10 is hereby vacated and of no further force or effect.

4. The debtor shall have until August 1, 2015 to pay the $335 filing fee to the Clerk of the Bankruptcy Court.

5. Failure to timely pay the filing fee as directed may result in the case being dismissed pursuant to 11 U.S.C. §707(a)(2).

/s/ Anita L. Shodeen
Anita L. Shodeen
U.S. Bankruptcy Judge

Parties receiving this Memorandum of Decision from the Clerk of Court:
Electronic Filers in this Chapter Case